UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

David B. Welliver and Dblaine Capital, LLC,

                Plaintiffs,

v.

David D. Jones and Drake Compliance, LLC,

                Defendants.

Civ. No. 11-3646 (RHK/SER)
**ORDER**

---

      This matter is before the Court *sua sponte*.

      Invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiffs David B. Welliver and Dblaine Capital, LLC ("Dblaine") commenced this action against Defendants David D. Jones and Drake Compliance, LLC ("Drake"), asserting five claims sounding in state law (breach of fiduciary duty, negligence, breach of contract, contribution, and indemnification). Plaintiffs allege in their Complaint that Welliver is a Minnesota resident and that Dblaine is a "resident of Buffalo, Minnesota." (Compl. ¶¶ 2-3.) They further allege that Jones is a Texas resident and that Drake "is a resident of The Woodlands, Texas." (Id. ¶¶ 4-5.) No other pertinent allegations regarding the citizenship of the parties are found in the Complaint.

      By invoking the Court's jurisdiction, Plaintiffs bear the burden of pleading facts establishing the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so required them to plead "with specificity the

citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990).

Dblaine and Drake appear to be limited liability companies. A limited liability company's citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). The Complaint, however, fails to identify both the members of Dblaine and Drake and those members' states of citizenship.[1] In additon, the Complaint alleges that Welliver and Jones are *residents* of Minnesota and Texas, respectively. But citizenship is determined by an individual's *domicile*, e.g., Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990), and residence and domicile are not synonymous. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (district court properly determined it lacked diversity jurisdiction where complaint alleged only residency of plaintiffs).

Accordingly, **IT IS ORDERED** that Plaintiffs shall redress the deficiencies set forth above (by filing an Amended Complaint or otherwise) on or before February 3, 2012, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date: January 19, 2012            s/Richard H. Kyle
                                  RICHARD H. KYLE
                                  United States District Judge

---

[1] By commencing their action here, Plaintiffs were required to have a good-faith basis to invoke diversity jurisdiction. See Fed. R. Civ. P. 11. Hence, courts routinely require plaintiffs, at the pleading stage, to adequately allege the citizenship of a defendant LLC's members. See, e.g., In re Arbitration Between Wells Fargo Bank, N.A. and WMR e-PIN, LLC, Civ. No. 08-5472, 2008 WL 5110204 (D. Minn. Nov. 26, 2008) (Ericksen, J.); Osborn & Barr Commc'ns, Inc. v. EMC Corp., No. 4:08-CV-87, 2008 WL 341664 (E.D. Mo. Feb. 5, 2008); Goodwin v. Wachovia Sec., Civ. No. 3:05-371, 2007 WL 1959261 (W.D.N.C. July 5, 2007).